HUCKERT, Appellant, v. MAYNARD, Respondent.

(189 N. W. 116.)

(File No. 4959.    Opinion filed June 27, 1922.)

**Waters and Water Courses—Damages from Overflow of Dike on Adjacent Land—"Comparative Damages," Question of Not Involved—Evidence Re-affirmed on Re-hearing.**

After argument and re-examination of the evidence on rehearing (186 N. W. 956), held, that the question of "comparative damage," alleged to have resulted from flow of water from defendant's on to plaintiff's land over a dike, is not involved, the sole question being whether there was any substantial damage; it being undeterminable from the evidence whether the water rises to a higher level on plaintiff's land because of defendant's dike than before dike was built, or that it remains there for a longer period. Judgment affirmed, without prejudice to appellant's right to proceed at law for recovery of damages.

Upon rehearing. Judgment affirmed, without prejudice to a suit at law for recovery of damages.

A. B. Carlson, for Appellant.

Thomas McInerny, for Respondent.

Appellant cited, re "comparative damages": 14 R. C. L., 359; Bristol v. Palmer (Vt.), 31 L. R. A. (N. S.) 881.

Respondent cited: Thompson v. Andrews (S. D.), 165 N. W. 9; 14 R. C. L. 60; Mountain Copper Co. v. U. S., 142 Fed. 625.

POLLEY, J.  The opinion of the court will be found in 186 N. W. 956.  The rehearing in this case was granted for the purpose of giving counsel the opportunity to present the doctrine of comparative damages, as such doctrine is applicable to the facts as found by the trial court.  The question has been carefully briefed and thoroughly presented on oral argument, but, after giving the matter careful consideration, we are not convinced that this question is involved.  It is not a question of "comparative damage" or the amount of damage but whether there is any substantial damage whatever.  We cannot say from the evidence whether the water rises to a higher level on plaintiff's land because of defendant's dike than it did before the dike was built, or that it remains there for a longer period of time, and we certainly cannot say that findings of fact numbered 15 and 16, set out in our former opinion, are against the preponderance of the evidence, therefore we have no right to reverse the judgment.

The judgment of the trial court will be affirmed, but neither such judgment nor anything said by this court shall be a bar to appellant's right to proceed at law for the recovery of damages, if he shall elect so to do.